Tina I. Mangarpan, Esq., Bar No. 117898
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center
Twenty-Seventh Floor
Long Beach, California  90831-2700
(562) 983-2500; (562) 983-2555 Fax

Attorneys for Defendant and Cross-Claimant,
**GENUINE PARTS COMPANY**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HOWARD BROTHERS; GENUINE PARTS COMPANY, a Georgia Corporation; and DOES 1-10,<br><br>　　　　　　　Defendants. | Case No. '14CV2173 JM DHB<br><br>**DEFENDANT GENUINE PARTS COMPANY'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT; DEMAND FOR JURY TRIAL; CROSS-CLAIM; DEMAND FOR JURY TRIAL** |
| GENUINE PARTS COMPANY,<br><br>　　　　　　　Cross-Claimant,<br><br>vs.<br><br>HOWARD BROTHERS PARTNERSHIP;  J. ROBERT HOWARD; MICHAEL A. HOWARD; and ROES 1 through 100, inclusive,<br><br>　　　　　　　Cross-Defendants. | |

TO:　　Center for Disability Access
　　　　Raymond G. Ballister, Jr., Esq.
　　　　Phyl Grace, Esq.
　　　　9845 Erma Road, Suite 300
　　　　San Diego, CA 92131

1

COME NOW defendant, GENUINE PARTS COMPANY, and appearing for itself alone and no other persons, firm or entity, and answering the verified Complaint of plaintiff CHRIS LANGER, admits, denies and alleges as follows:

**PARTIES**:

1.      In responding to the allegations in paragraph 1, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

2.      In responding to the allegations in paragraph 2, this answering defendant admits that the business is located at or about 1171 West Morena Boulevard, San Diego, California.  As to the remainder of paragraph 2, this answering defendant lacks information and belief sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

3.      In responding to the allegations in paragraph 3, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

**JURISDICTION & VENUE**:

4.      In responding to the allegations in paragraph 4, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

5.      In responding to the allegations in paragraph 5, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

6.      In answering paragraph 6, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

/ / /
/ / /

2

**FACTUAL ALLEGATIONS**:

7.      In responding to the allegations in paragraph 7, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

8.      In responding to the allegations in paragraph 8, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

9.      In responding to the allegations in paragraph 9, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

10.      In responding to the allegations in paragraph 10, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

11.      In responding to the allegations in paragraph 11, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

12.      In responding to the allegations in paragraph 12, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

13.      In responding to the allegations in paragraph 13, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

14.      In responding to the allegations in paragraph 14, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

15.      In responding to the allegations in paragraph 15, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

3

16.     In responding to the allegations in paragraph 16, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

17.     In responding to the allegations in paragraph 17, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

18.     In responding to the allegations in paragraph 18, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

19.     In responding to the allegations in paragraph 19, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

20.     In responding to the allegations in paragraph 20, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION:

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

(On behalf of plaintiff and against all defendants) (42 USC §§ 12101 FF)

21.     In responding to paragraph 21, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 20 above, as though fully set forth herein.

22.     In responding to the allegations in paragraph 22, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

22(a)   In responding to the allegations in paragraph 22, section (a), this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

1      22(b)   In responding to the allegations in paragraph 22, section (b), this

2   answering defendant lacks information and belief on the subject sufficient to

3   answer said allegations, and based thereon, denies each and every allegation

4   contained therein.

5      22(c) In responding to the allegations in paragraph 22, section (c), this

6   answering defendant lacks information and belief on the subject sufficient to

7   answer said allegations, and based thereon, denies each and every allegation

8   contained therein.

9      23.    In responding to the allegations in paragraph 23, this answering defendant lacks

10   information and belief on the subject sufficient to answer said allegations, and based thereon,

11   denies each and every allegation contained therein.

12      24.    In responding to the allegations in paragraph 24, this answering defendant lacks

13   information and belief on the subject sufficient to answer said allegations, and based thereon,

14   denies each and every allegation contained therein.

15      25.    In responding to the allegations in paragraph 25, this answering defendant lacks

16   information and belief on the subject sufficient to answer said allegations, and based thereon,

17   denies each and every allegation contained therein.

18      26.    In responding to the allegations in paragraph 26, this answering defendant lacks

19   information and belief on the subject sufficient to answer said allegations, and based thereon,

20   denies each and every allegation contained therein.

21      27.    In responding to the allegations in paragraph 27, this answering defendant lacks

22   information and belief on the subject sufficient to answer said allegations, and based thereon,

23   denies each and every allegation contained therein.

24      28.    In responding to the allegations in paragraph 28, this answering defendant lacks

25   information and belief on the subject sufficient to answer said allegations, and based thereon,

26   denies each and every allegation contained therein.

27   / / /

28   / / /

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

29.     In responding to the allegations in paragraph 29, this answering defendant lacks information and belief on the subject sufficient to answer said allegations, and based thereon, denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

(On behalf of plaintiff and against all defendants)

(Civil Code §§ 51-53)

30.     In responding to paragraph 30, this answering defendant repeat and re-alleges the responses to paragraphs 1 through 29 above, as though fully set forth herein.

31.     In responding to the allegations in paragraph 31, this answering defendant denies each and every allegation contained therein.

32.     In responding to the allegations in paragraph 32, this answering defendant denies each and every allegation contained therein.  Defendant specifically denies that it is responsible for statutory damages sought therein.

## THIRD CAUSE OF ACTION:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

(On behalf of plaintiff and against all defendants) (Civil Code § 54-54.8)

33.     In responding to paragraph 33, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 32 above, as though fully set forth herein.

34.     In responding to the allegations in paragraph 34, this answering defendant denies each and every allegation contained therein.

35.     In responding to the allegations in paragraph 35, this answering defendant denies each and every allegation contained therein.  Defendant specifically denies that it is responsible for statutory damages.

/ / /

/ / /

6

## FOURTH CAUSE OF ACTION:

### NEGLIGENCE

(On behalf of plaintiff and against all defendants)

36.     In responding to paragraph 36,this answering defendant repeats and re-alleges the responses to paragraphs 1 through 35 above, as though fully set forth herein.

37.     In responding to the allegations in paragraph 37,this answering defendant denies each and every allegation contained therein.  Defendant specifically denies that any alleged breach of duty has caused injury and damage.

### PRAYER

38.     Answering paragraph 1 of the prayer for relief, this answering defendant denies that plaintiff is entitled to said injunctive relief.

39.     Answering paragraph 2 of the prayer for relief, this answering defendant denies that plaintiff is entitled to said damages.

40.     Answering paragraph 3 of the prayer for relief, this answering defendant denies that plaintiff is entitled to said attorneys' fees, litigation expenses and costs of suit.

### AFFIRMATIVE DEFENSES

41.     The Complaint in the above-entitled matter being unverified, this answering defendant, pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, denies generally and specifically, each and every, all and singular, all of the allegations contained in said Complaint, each and every cause of action set forth therein, and the whole thereof, and further denies that plaintiff has sustained damages in the sum or sums alleged or in any other sum or sums whatsoever, or at all.

///
///
///
///

7

## FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

42.     Prior to and at the time of the incident as alleged in the Complaint, plaintiff, CHRIS LANGER, was negligent in the manner in which he conducted himself, which negligence proximately caused and contributed to the injuries, if any, and the damages, if any, claimed by plaintiff, thereby barring plaintiff from some or any recovery in this action.

## FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

43.     The Complaint fails to set forth facts sufficient to constitute a cause of action against defendant, GENUINE PARTS COMPANY.

## FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

44.     Prior to and at the time of the accident as alleged in the Complaint, plaintiff had knowledge of the risks involved, and with said knowledge, voluntarily and willingly assumed such risks, thereby barring plaintiff from some or any recovery herein.

## FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

45.     Defendant places in issue the negligence or other tortious conduct of all persons, firms or entities which caused or contributed in any degree to the happening of the incident as alleged in the Complaint and to the injuries, if any, and the damages, if any, suffered by plaintiff as a result of said incident.

/ / /
/ / /
/ / /
/ / /

8

1

## FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE

2

## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3

46.    That plaintiff has failed to act reasonably to mitigate the injuries, if any, and

4

damages, if any, that are alleged in the Complaint.  Such failure to mitigate on the part of the

5

plaintiff bars or reduces his right to recover any damages against this answering defendant.

6

7

## FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

8

## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9

47.    That the negligence, if any, or the conduct of this defendant (which allegation is

10

made for purposes of this pleading only and shall not be considered an admission) was not a

11

substantial factor in bringing about the plaintiff's alleged injuries and damages and, therefore,

12

was not a contributing or proximate cause thereof.

13

14

## FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

15

## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16

48.    That in the event this defendant is found liable to plaintiff, said liability should be

17

reduced by the percentage of fault attributable to plaintiff and all others; and that said liability

18

for non-economic damages of this defendant is several only and not joint, so that this defendant

19

shall be responsible only for the amount of non-economic damages allocated to it in direct

20

proportion to its percentage of fault pursuant to the provisions of California Civil Code, Section

21

1431.2.

22

23

## FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

24

## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

25

49.    Defendant is informed and believes that the Complaint, and each and every cause

26

of action contained therein, is barred by applicable statutes of limitations, including, but not

27

limited to, California Code of Civil Procedure, Sections 335.1 and 340(3).

28

9

**FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE**
**DEFENSE, THIS ANSWERING DEFENDANT ALLEGES**:

50.    Any acts committed by defendant, at the time of the alleged incident, were committed in the exercise of good faith and with probable cause, and were reasonable and justified under the circumstances.

**FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE**
**DEFENSE, THIS ANSWERING DEFENDANT ALLEGES**:

51.    Any and all conduct of which plaintiff complains and which is attributable to this defendant was a just and proper exercise of management discretion on the part of this defendant and undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

**FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE**
**DEFENSE, THIS ANSWERING DEFENDANT ALLEGES**:

52.    The Court lacks subject matter jurisdiction over all claims asserted under the Americans With Disabilities Act, the Unruh Civil Rights Act, California Civil Code Section 51, et seq., or the Disabled Persons Act, California Civil Code Section 54, et seq., in that plaintiff has failed to satisfy the jurisdictional prerequisites for commencing a suit under any of these acts.

**FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE**
**DEFENSE, THIS ANSWERING DEFENDANT ALLEGES**:

53.    Plaintiff's causes of action for disability discrimination, and each of them, are barred by The Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, et seq. (the "ADA"), the Disabled Persons Act, California Civil Code Section 54, et seq., and/or the Unruh Civil Rights Act, California Civil Code Section 51, et seq. in that plaintiff has failed to comply with the requirements of these Acts and has failed to exhaust administrative remedies pursuant to these Acts.

10

**FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

54.     Plaintiff must take nothing by way of his Complaint because plaintiff did not suffer an impediment to equal access to defendant's facility.

**FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

55.     Plaintiff's recovery is barred by the absence of any architectural barriers in this answering defendant's facility.

**FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

56.     Plaintiff's recovery is barred by the absence of any readily achievable manner of removal of any architectural barrier which may have existed.

**FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

57.     Plaintiff's recovery is barred by the inapplicability of the ADAAG to an "existing building" and the applicability of 28 CFR 36.304.

**FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

58.     Plaintiff's recovery is barred by the absence of actual knowledge of the alleged architectural barriers precluding full and equal access to defendant's store or whether defendant would comply with ADA barrier removal requirements.

/ / /

/ / /

/ / /

11

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

1
2

**FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

3      59.    Any barrier which might have existed did not hinder, interfere with or impede
4  plaintiff's full and equal use and enjoyment of the facilities.

5

6
7

**FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

8      60.    Plaintiff's cause of action for violation of California's Unfair Business Practices
9  Act is barred on the ground that this answering defendant did not engage in ongoing conduct of
10  an unlawful, fraudulent or unfair nature.

11

12      WHEREFORE, this answering defendant prays that:

13      1.    Plaintiff takes nothing by reason of plaintiff's Complaint on file herein as against
14  this answering defendant;

15      2.    This answering defendant be dismissed or have judgment in its favor with costs of
16  suit incurred herein;

17      3.    Plaintiff's recovery against this defendant, if any, be diminished by an amount
18  equal to the degree of culpability attributable to other persons or entities;

19      4.    Attorneys' fees as provided by statute;

20      5.    The Court grant such other and further relief as it deems just and proper.

21

22  Dated:  October 8, 2014

23                          FORD, WALKER, HAGGERTY & BEHAR
24

25

26      BY:  _Tina I. Mangarpan_____
27          TINA I. MANGARPAN, ESQ.
          Attorneys for Defendant and Cross-Claimant,
28          **GENUINE PARTS COMPANY**

12

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, this answering defendant hereby requests a jury trial.

Dated:  October 8, 2014

FORD, WALKER, HAGGERTY & BEHAR

BY: _____
TINA I. MANGARPAN, ESQ.
Attorneys for Defendant and Cross-Claimant,
**GENUINE PARTS COMPANY**

13

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

## CROSS-CLAIM OF GENUINE PARTS COMPANY FOR INDEMNITY, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF BY CROSS-CLAIMANT, GENUINE PARTS COMPANY REQUEST FOR JURY TRIAL

COMES NOW Cross-Claimant, GENUINE PARTS COMPANY (hereinafter "Cross-Claimant"), and alleges as follows:

### FIRST CAUSE OF ACTION
### INDEMNITY
### BY CROSS-CLAIMANT
### AGAINST ALL CROSS-DEFENDANTS
### AND ROES 1 THROUGH 100

1.      The true names and capacities, whether individual, corporate, associate, representative, or otherwise of cross-defendants ROES 1 through 100, inclusive, are presently unknown to this cross-claimant, who therefore sues said cross-defendants by such fictitious names, and cross-claimant will seek leave of Court to amend this cross claim to insert the true names and capacities when they are ascertained.  Cross-claimant is informed and believes and thereon alleges that each of the cross-defendants designated as a ROE, are legally responsible in some manner for the events and happenings herein referred to, and caused damage proximately thereby to the cross-claimant as alleged herein.

2.      Cross-claimant, GENUINE PARTS COMPANY, is licensed to do business in the State of California.

3.      Cross-defendant, HOWARD BROTHERS PARTNERSHIP, is licensed to do business in the State of California.

4.      Cross-defendant, J. ROBERT HOWARD is believed to reside in the State of California.

5.      Cross-defendant, MICHAEL A. HOWARD is believed to reside in the State of California.

14

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

6. Cross-defendants, ROES 1 through 100, inclusive, at all times herein alleged were either residents of the State of California, or corporations, associations and/or partnerships organized and existing by and under the laws of the State of California, and where applicable were authorized and doing business in the State of California.

7. At all times mentioned herein, each of the cross-defendants was the agent and/or employee of each of the remaining cross-defendant and was at all times acting within the course and scope of said agency and employment.

8. That on or about July 31, 2014, plaintiff, CHRIS LANGER, filed a Complaint in the United States District Court, Southern District, State of California, naming as defendants HOWARD BROTHERS, GENUINE PARTS COMPANY, and DOES 1-10.

9. That plaintiff, CHRIS LANGER, has physical disabilities which require him to use a wheelchair to travel in public.

10. Plaintiff has alleged that the subject property, located at 1171 West Morena Boulevard in San Diego, California, lacks single compliant handicap-accessible parking spaces for disabled persons seeking to use the facilities.

11. If cross-claimant, GENUINE PARTS COMPANY, is found to be negligent, which negligence cross-claimant denies, then such negligence was passive, whereas the negligence of cross-defendants, and each of them, was active.

12. Cross-claimant herein, GENUINE PARTS COMPANY, is accordingly entitled to indemnification from cross-defendants, and each of them, for sums paid by cross-claimant by way of settlement or judgment herein.

13. Cross-defendants, and each of them, are further liable to indemnify this cross-claimant for all legal costs and fees, including attorney's fees, incurred in the defense of the cross-claimant from the herein action.

///
///
///
///

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

SECOND CAUSE OF ACTION

EQUITABLE CONTRIBUTION

BY CROSS-CLAIMANT

AGAINST ALL CROSS-DEFENDANTS

AND ROES 1 THROUGH 100

14.     Cross-claimant hereby incorporates by reference paragraphs 1 through 11, inclusive, of this cross claim as though fully set forth.  That at all times herein mentioned cross-defendants, and each of them, were negligent with the matters referenced in plaintiff's Complaint in that they negligently, carelessly, recklessly and unlawfully conducted itself with respect to the matters alleged in plaintiff's Complaint.

15.     If the cross-claimant is found to have been in some manner liable for damages in the lawsuit, which liability is denied, such liability will be far in excess of the liability attributable to any fault of cross-claimant herein.  Therefore, as a direct and proximate result of the acts and omissions of the cross-defendants, as herein alleged, cross-claimant is entitled to indemnity from each of said cross-defendants herein which is attributable to the comparative fault of each such cross-defendant.

16.     Cross-claimant is informed and believes and on that basis alleges that the injuries and damages sustained by plaintiff, if any, were proximately caused and contributed to by the tortious conduct of cross-defendants and each of them.

17.     Cross-claimant contends that in the event that cross-claimant is held liable for any alleged injuries or damages, that it is entitled to contribution from cross-defendants, and each of them, in that amount equal to the proportionate share of plaintiff's damages proximately caused by the tortious conduct of each cross-defendant.

18.     By reason of the foregoing, cross-claimant is entitled to contribution from cross-defendants, and each of them, on a comparative fault basis, in an amount equal to the percentage which the tortious conduct or fault of cross-defendant bears to the total verdict or judgment.

///

///

16

THIRD CAUSE OF ACTION

DECLARATORY RELIEF

BY CROSS-CLAIMANT

AGAINST ALL CROSS-DEFENDANTS

AND ROES 1 THROUGH 100

19.     There presently exists a controversy between cross-claimant, on the one hand, and cross-defendants, and each of them, on the other hand, in that cross-claimant contends that if plaintiff sustained damages and injuries for the reasons as alleged in the Complaint, and is awarded judgment against cross-claimant, then cross-claimant is entitled to indemnification to recover over and against cross-defendants, and each of them, in an amount of any judgment or judgments that may be entered against cross-claimant in the defense of this action, including attorney's fees, costs and expenses for the preparation and investigation; whereas the cross-defendants dispute and deny the contentions of the cross claim and assert that they have no obligation to cross-claimant.

20.     Accordingly, a declaration of this Court is necessary to determine the rights and obligations existing between the cross-claimant and each cross-defendant, and the same can be determined and declared in the present action thus avoiding circuitry of action and multiple suits.

FOURTH CAUSE OF ACTION

BREACH OF CONTRACT

BY CROSS-COMPLAINANT

AGAINST ALL CROSS-DEFENDANTS

AND ROES 1 THROUGH 100

21.     Cross-complainant hereby incorporates by reference paragraphs 1 through 18, inclusive, of this Cross-Complaint as though fully set forth.

22.     Cross-Complainant alleges that prior to and at the time of the alleged incident which gives rise to this litigation, there existed a lease agreements entered into between cross-complainant, Genuine Parts Company, and each cross-defendant herein for lease and

17

maintenance of certain property.  In the lease agreement, each cross-defendant was responsible for ensuring that the premises were compliant with the American Disabilities Act ("ADA").  In particular, the pertinent provision of the lease agreement can be summarized as follows:

23.  Pursuant to the Lease Agreement entered into between J. Robert Howard, Michael A. Howard, and the Howard Brothers Partnership and Genuine Parts Company pertaining to a property located at 1171 West Morena Boulevard, San Diego, California, J. Robert Howard is responsible for ensuring that the premises is compliant with the ADA.  Specifically, Section 2.3 of the lease states in pertinent part as follows:

"Compliance with Covenants, Restrictions and Building Code.  Lessor warrants that any improvements … on or in the Premises which have been constructed or installed by Lessor or with Lessor's consent or at Lessor's direction shall comply with all applicable covenants or restrictions of record and all applicable building codes, regulations and ordinances in effect on the Commencement Date."

Section 2.9 states:

"Lessor or such other person(s) as Lessor may appoint shall have exclusive control and management of the Common Areas."

24.  Cross-complainant has fully performed all conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the Lease Agreement referenced above.

25.  Cross-complainant is informed and believes and thereon alleges that cross-defendants, and each of them have breached the Lease and continue to be in breach by refusing to comply with provisions of the ADA.

26.  The above-described breach of the Lease have harmed and continue to cause harm to Cross-complainant.  Cross-complainant has been unnecessarily forced thereby to incur great legal expense, including attorney fees and costs, for the preparation, investigation and defense of the underlying action.

WHEREFORE, this cross-claimant prays for judgment against cross-defendants, and each of them, as follows:

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

1.    That the Court determine the legal rights and duties that exist between cross-claimant and cross-defendants, and each of them;

2.    That should plaintiff or any other party in this lawsuit recover judgment or a settlement against this cross-claimant then cross-claimant be awarded judgment in a like amount over and against cross-defendants, and each of them, plus costs of defense incurred by cross-claimant including court costs, settlement costs, reasonable attorneys' fees and expense for preparation and investigation;

3.    For the costs of suit incurred herein and for attorney's fees and other costs defending this action; and

4.    For such other and further relief as the Court may deem just and proper.

Dated:  October 8, 2014

FORD, WALKER, HAGGERTY & BEHAR

BY: _____
TINA I. MANGARPAN, ESQ.
Attorneys for Defendant and Cross-Claimant,
**GENUINE PARTS COMPANY**


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, this answering defendant hereby requests a jury trial.


Dated:  October 8, 2014

FORD, WALKER, HAGGERTY & BEHAR

BY: _____
TINA I. MANGARPAN, ESQ.
Attorneys for Defendant and Cross-Claimant,
**GENUINE PARTS COMPANY**

016\14\007\PL Answer and Cross Claim doc

19

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY

1    PROOF OF SERVICE BY MAIL – F.R.Civ.P. 5)

2

3    UNITED STATES DISTRICT COURT          )
                                           )
4    SOUTHERN DISTRICT OF CALIFORNIA       )

5    I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: One World Trade Center, Twenty-Seventh Floor, Long Beach, California 90831-2700.

6

7    On October 8, 2014, I served the within: DEFENDANT GENUINE PARTS COMPANY'S ANSWER TO PLAINTIFF'S CIVIL COMPLAINT; DEMAND FOR JURY TRIAL; CROSS-CLAIM; DEMAND FOR JURY TRIAL

8

9    on the interested parties in said action,

10        by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP5(b);

11        by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following;

12

13    X   (BY ELECTRONIC SERVICE) I caused such document to be Electronically Served on all parties through the **United States District Court – Central District** for the above-entitled case. This service complies with CCP §1010.6.  The file transmission was reported as complete and a copy of the "Filing Receipt" page will maintained with the original document in our office.

14

15    Ray Ballister, Jr., Esq.
     Mark Potter, Esq.
16   Phyl Grace, Esq.
     Dennis Price, Esq.
17   **Center for Disability Access**
     Mail:        PO Box 262490
18                San Diego, CA 92196-2490
     Delivery:    9845 Erma Road, Suite 300
19                San Diego, CA 92131
     (858) 375-7385; (858) 422-5191 Fax
20   email: phylg@potterhandy.com

21        I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

22

23    X   I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

24    X   I hereby certify under the penalty of perjury that the foregoing is true and correct.

25   Executed on October 8, 2014, at Long Beach, California.

26

27   Barbara A. Ezra

28

20

GENUINE PARTS COMPANY'S ANSWER; CROSS-CLAIM; DEMAND FOR JURY